**Douglas K. JONES et al., Plaintiffs,**

v.

**The UNITED STATES SECRETARY
OF DEFENSE et al., Defendants.**

**No. 4–72 Civ. 430.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 24, 1972.

Oakes, Metcalf & Palm by Richard T. Oakes, Minneapolis, Minn., for plaintiffs.

Robert G. Renner, U. S. Atty. by Stephen G. Palmer, Asst. U. S. Atty., for defendants.

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

NEVILLE, District Judge.

This action which appears to be one of first impression is brought by nine members of the Army Ready Reserve assigned to the 5501 United States Army Hospital Reserve Unit against the Secretary of Defense, the Secretary of the Army and a number of commanding generals seeking to enjoin defendants from ordering them to participate in a parade. It does not purport to be a class action on behalf of all reservists but is brought merely by these nine individual plaintiffs. Their counsel, with a United States Attorney present, presented a motion to the court on Friday, August 18, 1972 requesting a temporary restraining order. The court suggested, and counsel for both plaintiffs and the government agreed that a hearing be held August 22, 1972 as though plaintiffs' request were a motion for preliminary injunction on notice pursuant to Rule 65 of the Federal Rules of Civil Procedure. Counsel so stipulated. The government attorney preliminarily challenges the court's jurisdiction, a point with which the court disagrees,

believing that if an order of the army or any of the armed services is not legitimate and is blatantly unlawful, arbitrary or capricious, the federal court does have jurisdiction to intervene and grant relief.

Plaintiffs seek a preliminary injunction against their required participation with some several hundred other reservists or military personnel in a parade to be held on the evening of August 22, 1972 as a part of the program of the national convention of the Veterans of Foreign Wars being held in Minneapolis, Minnesota. As Ready Reservists, plaintiffs have a contractual and statutory obligation to attend annually some 48 scheduled drills and a summer camp of not more than 17 days. 10 U.S.C. § 270. Plaintiffs' complaint alleges that the parade coincides with Vice President Spiro T. Agnew's scheduled speech and appearance before the VFW convention and therefore indirectly promotes his political candidacy. Plaintiff Douglas K. Jones testified under a stipulation that the other eight plaintiffs if called would testify similarly. He stated that as a private citizen he had worked for the nomination of George McGovern, the presidential nominee of the Democratic party; that the VFW as an organization supports Richard Nixon, and particularly his policy on the Viet Nam War; that it is unfair and unlawful to compel him to march in a parade supporting a political viewpoint with which he is not in sympathy. Plaintiffs specifically allege that the parade order: (1) is not authorized by the general purpose clause of the Reserve Enabling Act, 10 U.S.C. § 262; (2) is prohibited by various statutory provisions which forbid the military from interfering with the right to vote; (3) constitutes a "posse comitatus" in violation of 18 U.S.C. § 1385; and (4) violates the Third and Ninth Amendments and Article I, Section 8, Clause 12 of the United States Constitution. Defendants assert that the order is valid and consonant with the authorized training objectives of the Ready

Reserve and within the discretion of the defendants to order.

■ To grant a temporary restraining order or a preliminary injunction, this court must be persuaded that plaintiffs: (1) have a high probability of ultimate success on the merits; (2) will suffer irreparable harm if the order is not granted and (3) are entitled to relief when all of the equities including the position of defendants are balanced. According to the news media and the statements of counsel, the VFW convention will last a full week and is to be addressed alternately by George McGovern, the Democratic nominee for president of the United States and/or Ramsey Clark, a former Attorney General in a Democratic administration on Thursday, August 24th and by Spiro T. Agnew, the Vice President of the United States on Friday, August 25th. Assuming this information to be accurate, the parade would not seem to be directly tied to the candidacy of any political aspirant. Were the parade calculated or arranged to foster the possible election of any political candidate, that is, if either or any candidate for the presidency or vice presidency were to be leading the parade of the reservists or marching in their midst as a background against which later to make a political speech, the court would be quite concerned and would entertain grave doubts as to whether such was within the purview of the authority of the Secretary of Defense, the Secretary of the Army and the other defendants. The promotion and espousing of a politician's ends scarcely can be within the purview of permissibility as an activity for the Armed Services.

■ It has, however, long been the practice, though the court is unable to find any direct statutory authority in support thereof, for military units, both troops and more frequently their bands to parade in civil functions such as the Minneapolis Aquatennial and the St. Paul Winter Carnival. Also units of the Armed Forces frequently are seen on parade on National holidays, Memorial Day, Fourth of July and Veterans' Day. The United States Attorney has cited a number of army or defense department regulations to this effect, though citing these begs the question if in fact constitutionally no authority exists to order reservists as has been done in this case. The Veterans of Foreign Wars is a unique organization, all its members being alumni of the armed forces. It is chartered and recognized by Congress. All veterans are preferentially treated as a class by Congress, and properly so, in connection with pensions, employment rights, disability and medical treatment, advantageous housing loans, and in other ways. These men have done service for the Country at a sacrifice and are honored by Congress in these ways. It does not seem to the court inappropriate nor an abuse of discretion, that a Reserve Unit might be called upon to honor them by a parade in a way that has been suggested and as has been done in the past. The mere fact that later in the convention week candidates or personnel from the two political parties will address the VFW convention is not a controlling factor in this court's judgment. So the court need not pass on the argument advanced that respect for the office of the President of the United States as Commander in Chief of the Armed Forces, and thus vicariously for the office of Vice-President alone is sufficient to warrant a parade or greeting in their honor, irrespective of who might at the time hold the office.

■ In support of their contention, plaintiffs allude to a number of statutory and constitutional provisions, most of which are not in point and proscribe certain rather obvious activities. Plaintiffs' reliance on 18 U.S.C. §§ 593–594 and 42 U.S.C. § 1972 is clearly misplaced. These sections generally prohibit military personnel from interfering with the right to vote. Certainly no such interference is present in this case. Similarly wide of the mark is plaintiffs' contention that they are being forced to serve as a "posse comitatus" in contra-

vention of 18 U.S.C. § 1385. By no stretch of the imagination can it be said that the reservists in this action are being banded together to execute the civil or criminal laws of the United States or of a state or county. Equally inapposite is plaintiffs' claim that the parade order violates the Third Amendment of the constitution, which prohibits the quartering of soldiers in peace time without the owner's consent, or other specific Constitutional provisions.

■ Stripped to its essentials, plaintiffs' claim is bottomed on the general purpose provision of the Reserve Enabling Act, 10 U.S.C. § 262, the Ninth Amendment's enumerated rights provision, and Congress' power to raise and support armies under Article I, Section 8, Clause 12 of the Constitution. All of these provisions are written in broad and sweeping terms, and provide little specific guidance as to the proper scope of military authority in Reserve matters. Such case law as exists states that the power of Congress to legislate on military matters traditionally has been broadly construed. See e. g., United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Courts are reluctant to interfere with the day-to-day operations of the military. As the Supreme Court succinctly stated in Orloff v. Willoughby, 345 U.S. 83, at 94, 73 S.Ct. 534, at 540, 97 L.Ed. 842 (1953):

> "Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters . . [W]e have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."

■ Beginning, as it must, with a strong presumption in favor of the validity of the military action here in question, this court concludes that plaintiffs' requested relief must be denied. Plaintiffs' attempt to demonstrate irreparable harm by showing it would take some time from their employment, estimated by plaintiff Jones to be a loss of approximately $20 in his case when the amount received for a drill assembly is credited, and further his estimate of the cost to the government of the parade is unavailing. Plaintiffs have not demonstrated the irreparable harm nor the probable likelihood of success on the merits which will warrant a preliminary injunction. However distasteful it may be to plaintiffs, they are in the army and signed Reservists contracts. Over the years they may be required to do many things not to their liking, but such does not warrant court intervention.

It is therefore the order of the court that the motions for a temporary restraining order and for a preliminary injunction be and the same hereby are denied, but on three conditions:

1. That the scheduled parade is not coextensive with or held on the same day as the appearance or any speech before the Veterans of Foreign Wars Convention of any candidate of any party for either the presidency or the vice presidency of the United States.

2. That due credit be given the members of the reserve unit as a training assembly or drill session.

3. That plaintiffs shall not be penalized or punished in any way nor discriminated against by virtue of having brought this action.